IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KIMBERLY HODGES,**<br>    **Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **BRISTOL-MYERS SQUIBB COMPANY,**<br>    **Defendant.** | **NO.  23-5** |

**MEMORANDUM**

**HODGE, J.**                                                                                                                 **July 28, 2023**

**I.   INTRODUCTION**

Before the Court is Defendant Bristol-Myers Squibb Company's Motion to Compel Arbitration and Stay Case. (ECF No. 7.) Plaintiff, Kimberly Hodges, opposed the motion, and Defendant filed a reply. (ECF Nos. 10–11.) For the reasons that follow, the Court grants the Motion to Compel Arbitration and Stay Case.

**II.   BACKGROUND**

On January 3, 2023, Plaintiff—a former employee of Defendant—filed the operative complaint in which she asserted claims of, *inter alia*, racial discrimination, harassment, and retaliation under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"). (*See generally* ECF No. 1.) Specifically, Plaintiff alleges that Defendant constructively discharged her and subjected her to a racially hostile work environment, which impacted Plaintiff's mental and physical health. (*See id.*) Defendant filed its Motion to Compel Arbitration and Stay Case on February 14, 2023. (*See generally* ECF No. 7.)

In its motion, Defendant argues that this dispute is subject to binding arbitration under a Mutual Arbitration Agreement (the "Arbitration Agreement") between Plaintiff and Defendant

that Plaintiff signed as a condition of her hiring and employment with Defendant. (*See* ECF No. 7-1 at 5–6.) Defendant claims that the Arbitration Agreement requires Plaintiff to arbitrate any employment-related claims. (*Id.* at 5.) Although, the Arbitration Agreement was not attached to Plaintiff's Complaint, it can still be considered at the motion to dismiss stage without converting the motion into a motion for summary judgment because it is "integral" to Plaintiff's employment-related claims. *See Hrapczynski v. Bristlecone, Inc.*, No. 20-cv-06014, 2021 WL 3209852, at *2–3 (E.D. Pa. July 29, 2021); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (finding that courts may rely on a "document integral to or explicitly relied upon in the complaint") (internal citations omitted); *Asberry-Jones v. Wells Fargo Bank, Nat'l Ass'n*, No. 19-83, 2019 WL 2077731, at *3 (E.D. Pa. May 10, 2019) (noting that the Court is "not compelled to apply a summary judgment standard because [a plaintiff] failed to mention the Arbitration Agreement in her complaint. Indeed, we cannot envision a plaintiff choosing to file a complaint in federal court will affirmatively plead the existence of an arbitration provision."). The Arbitration Agreement contains the following clause regarding the scope of the agreement and covered claims:

> "[A]ll disputes, claims, complaints, or controversies ("Claims") that [Plaintiff] ha[s] now, or at any time in the future may have, against Bristol-Myers Squibb Company . . . or that the Company has now or at any time in the future may have against [Plaintiff] . . . arising out of and/or related to [Plaintiff's] . . . employment with the Company [] and/or termination of [Plaintiff's] employment with the Company will be resolved by arbitration and NOT by a court or jury. . . **THE PARTIES HEREBY FOREVER WAIVE AND GIVE UP THE RIGHT TO HAVE A JUDGE OR A JURY DECIDE ANY COVERED CLAIMS**."

(*Id.* at 6; ECF No. 7-2 (emphasis in original).)

In response to Defendant's motion, Plaintiff argues that the Arbitration Agreement is both procedurally and substantively unconscionable and, therefore, invalid. (*See* ECF No. 10-2 at 3.) Specifically, Plaintiff alleges that (1) she did not have the opportunity to modify any terms of the Arbitration Agreement, (2) there was a disparity in bargaining power between Plaintiff and

Defendant, (3) Plaintiff had no choice but to sign the Arbitration Agreement, and (4) Defendant did not provide Plaintiff an adequate opportunity to know and understand what terms and conditions she was agreeing to when she signed the Arbitration Agreement. (*See id.* at 2.) Plaintiff also alleges that the terms of the Arbitration Agreement are "potentially grossly unfavorable" because the Arbitration Agreement's jury waiver, remedy authorization, and fee allocation provisions are substantively unconscionable. (*Id.* at 4–5.)

## III.   LEGAL STANDARD

In assessing whether there is an enforceable arbitration agreement, courts must affirmatively answer two questions: (1) whether the parties entered into a valid arbitration agreement and (2) whether the dispute at issue falls within the scope of the arbitration agreement. *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 523 (3d Cir. 2009). Further, it is undisputed that there is a "liberal federal policy favoring arbitration agreements," *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24-26 (1991) (internal quotations omitted), and as such, "there is a presumption in favor of arbitrability." *Taha v. Tires Plus*, No. 10-cv-04118, 2011 WL 2293330, at *3 (D.N.J. June 8, 2011) (internal quotations omitted).

Federal courts apply applicable state contract law to determine whether a valid arbitration agreement exists. *See James v. Glob. TelLink Corp.*, 852 F.3d 262, 265 (3d Cir. 2017) (internal quotations omitted); *Aliments Krispy Kernels, Inc. v. Nichols Farms*, 851 F.3d 283, 289 (3d Cir. 2017). Here, the Court applies New Jersey law pursuant to the Arbitration Agreement. (ECF No. 7-1 at 6 n.2.) Under New Jersey law, a court can invalidate an arbitration agreement if it is *both* procedurally and substantively unconscionable. *Rudbart v. N. Jersey Dist. Water Supply Comm'n*, 605 A.2d 681, 687 (N.J. 1992). An agreement is procedurally unconscionable if it was formed under unfair circumstances, taking into consideration facts such as "'age, literacy, lack of

sophistication, hidden or unduly complex contract terms, bargaining tactics, and the particular setting existing during the contract formation process.'" *Bourgeois v. Nordstrom, Inc.*, No. 11-2442, 2012 WL 42917, at *6 (D.N.J. Jan. 9, 2012) (quoting *Sitogum Holdings, Inc. v. Ropes*, 800 A.2d 915, 921 (N.J. Super. Ct. Ch. Div. 2002)). "Substantive unconscionability refers to contractual terms that are unreasonably or grossly favorable to one side and to which the disfavored party does not assent." *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 181 (3d Cir. 1999). A contract term is substantively unconscionable if it is "excessively disproportionate" and involves an "exchange of obligations so one-sided as to shock the court's conscience." *Agrabright v. Rheem Mfg. Co.*, 258 F. Supp. 3d 470, 481 (D.N.J. 2017) (quoting *Delta Funding Corp. v. Harris*, 912 A. 2d 104, 120 (N.J. 2006)).

**IV.    DISCUSSION**

Here, Plaintiff does not dispute that her claims fall within the scope of the Arbitration Agreement (ECF No. 10-2 at 3.); therefore, the Court will only address Plaintiff's arguments that the Arbitration Agreement is invalid because it is both procedurally and substantively unconscionable.

The Arbitration Agreement is not substantively unconscionable. Examples of substantive unconscionability include "severe restrictions on discovery, high arbitration costs borne by one party, limitations on remedies, and curtailed judicial review." *Ostroff v. Alterra Healthcare Corp.*, 433 F. Supp. 2d 538, 543 (E.D. Pa. 2006). Plaintiff alleges that the Arbitration Agreement's jury waiver, remedy authorization, and fee allocation provisions are substantively unconscionable. However, this Court agrees with Defendant that Plaintiff's arguments are contrary to well-established case law or based on an inaccurate reading of the Arbitration Agreement. Arbitration agreements that waive any right to a jury trial are not substantively unconscionable nor do they

violate the Seventh Amendment of the U.S. Constitution. *See, e.g.*, *Seme v. Gibbons, P.C.*, No. 19-857, 2019 WL 2615751, at *2 n.1 (E.D. Pa. June 26, 2019) (citing *J & R Sportswear & Co. v. Bobbie Brooks, Inc.*, 611 F.2d 29, 30 (3d Cir. 1979)) (rejecting plaintiff's argument that "the enforcement of the Arbitration Agreement would violate her Seventh Amendment right to a jury trial"). Further, the remedy authorization provision applies equally to both parties and preserves the rights the parties would have had in court, which neither limits the parties available remedies nor curtails judicial review. Finally, Plaintiff misreads the fee allocation provision; Defendant has contracted to pay all arbitration fees beyond the filing fee, which is contrary to any suggestion or argument of substantive unconscionability.

Since this Court finds no substantive unconscionability, the Arbitration Agreement must be permitted to stand, as a finding of unconscionability requires *both* substantive *and* procedural unconscionability. However, a review of the Arbitration Agreement and the parties' briefs regarding the process by which the agreement was entered shows that it is also not procedurally unconscionable. First, Plaintiff does not explain her arguments for procedural unconscionability nor cite any supporting legal authority. Second, each argument for procedural unconscionability is insufficient. This Court agrees with Defendant that the alleged date discrepancy does not "evince unfairness," (ECF No. 11 at 8.) and an offer of employment constitutes sufficient consideration for an arbitration agreement. *See D.M. v. Same Day Delivery Serv., Inc.*, No. A-2374-17T3, 2018 WL 4011660, at *4 (N.J. Super. Ct. App. Div. Aug. 23, 2018) ("An offer of employment or continued employment is adequate consideration for an arbitration agreement."). Further, "take-it-or-leave it" employment offers are not procedurally unconscionable nor unequal to the degree of invalidating the agreement. *See, e.g.*, *Martindale v. Sandvik, Inc.*, 173 N.J. 76, 90 (2002); *Young v. Prudential Ins. Co. of Am., Inc.*, 297 N.J. Super. 605, 620–21 (App. Div. 1996). Finally, the

Court rejects Plaintiff's argument that she was not provided adequate time to review or understand the Arbitration Agreement. Plaintiff signed the Arbitration Agreement on February 4, 2022, which was more than three weeks before her start date and the deadline to sign the paperwork. (ECF No. 7-2 at 9.) Further, the Arbitration Agreement included terms that Plaintiff "carefully read this Agreement," "underst[ood] the terms of this Agreement," and "enter[ed] into this Agreement voluntarily," as well as that she had "been given a reasonable period of time in which to consider this Agreement" and had "been given the opportunity to discuss this Agreement with [her] own attorney or advisor if [she] wished to do so." (*Id.*; ECF No. 11 at 11.) Plaintiff's claim now that she was not given adequate time is without merit in light of what the Court has noted above.

As such, this Court finds that the Arbitration Agreement is valid and enforceable, as it is neither procedurally nor substantively unconscionable.

## V.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Arbitration and Stay Case is granted. This matter shall proceed to arbitration as outlined in the Arbitration Agreement, and this matter shall be stayed pending the completion of the arbitration. An appropriate order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**